IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH LEVINS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1275 |
| | § | |
| CRITERION SUPPLY, INC., | § | |
| Defendant. | § | |

## AMENDED MEMORANDUM AND ORDER

This pregnancy discrimination case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 27] filed by Defendant Criterion Supply, Inc. ("Criterion"). Plaintiff Elizabeth Levins filed a Response [Doc. # 30], and Criterion filed a Reply [Doc. # 34]. Having reviewed the record and applicable legal authorities, the Court **grants** the Motion.

## I.    BACKGROUND

Plaintiff began working for Golden Creek Carpets, Inc. in August 2002 as a customer service representative. Criterion acquired Golden Creek Carpets, Inc. in June 2009. From January 7, 2014 until February 24, 2014, Plaintiff was on maternity leave. In January 2015, following her return to work from the maternity leave, Plaintiff was promoted to Market Manager in Criterion's Houston office.

While Plaintiff was in the Market Manager position, Criterion management received complaints regarding Plaintiff's interactions with other employees. Specifically, Criterion's President, Catherine "Cathi" Brock, counseled Plaintiff regarding complaints by a female subordinate who was threatening to leave the company "because of [Plaintiff's] behavior."[1] *See* Deposition of Catherine Brock, Exh. 22 to Motion, p. 92. Additionally, Brock was notified by Nicole Strong, Criterion's Houston Branch Manager, that employees working the "order desk" complained that Plaintiff "was not treating them well." *See id.* at 169.

In May 2017, Plaintiff notified Criterion that she was pregnant. In June 2017, Brock met with Plaintiff to discuss the various complaints that had been reported. Brock at that time placed Plaintiff on an improvement plan.

On July 14, 2017, Plaintiff attended a scheduled weekly branch meeting. Strong reported that she attempted to discuss some problems with Plaintiff's performance. *See* Strong Statement, Exh. 23 to Motion. Strong reported that Plaintiff threw a notebook across the table toward Strong, after which Strong threw the notebook and Plaintiff's cell phone out of the conference room. *See id.*

---

[1]     Although Brock was uncertain when this counseling occurred, it is clear that it happened after Plaintiff returned from her maternity leave in February 2014 and before she notified Criterion that she was pregnant in May 2017.

On July 21, 2017, a male Criterion employee, Shane Vasquez, informed Criterion Manager Jodi Otten that Plaintiff had made "numerous passes at him." *See* Otten Statement, Exh. 24 to Motion. Specifically, Vasquez reported that while Plaintiff was looking over his shoulder at his computer screen, she said "I hope you don't mind if I put my titties on your back." *See id.*

On July 24, 2017, Otten reported Vasquez's statement to Alex Soderlund in Criterion's Human Resources Department. *See* Soderlund Statement, Exh. 25 to Motion. That same day, Soderlund began an investigation, and he informed Plaintiff by telephone and by letter that she was being placed on paid leave. *See* Soderlund Letter, Exh. 27 to Motion.

As part of the investigation, Soderlund obtained a written statement from Vasquez. In the written statement dated July 26, 2017, Vasquez reported several incidents of inappropriate comments to him by Plaintiff beginning in October 2016. *See* Vasquez Statement, Exh. 26 to Motion. Vasquez described the same incident he had related to Otten where, in February 2017, Plaintiff made a comment to him about her "tits" while looking over his shoulder. *See id.* Vasquez stated that Plaintiff's behavior was uncomfortable for him. *See id.*

On August 1, 2017, Criterion terminated Plaintiff's employment. Plaintiff was replaced by Claribel ("Bella") Vignola. At the time Criterion hired Vignola, Brock

had been informed by the recruiter that Vignola was pregnant. *See* Brock Depo.,

p. 182.

On August 23, 2017, Plaintiff filed a Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC"). *See* Charge of Discrimination,

Exh. 19 to Motion. Plaintiff alleged that she was discriminated against because she

was pregnant. *See id.*

After obtaining a Notice of Right to Sue from the EEOC on April 5, 2018,

Plaintiff filed this lawsuit on April 23, 2018. After discovery was completed,

Criterion filed its Motion for Summary Judgment. The Motion has been fully briefed

and is now ripe for decision.

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of

summary judgment against a plaintiff who fails to make a sufficient showing of the

existence of an element essential to her case and on which she will bear the burden at

trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d

587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.

1994) (*en banc*). Summary judgment "should be rendered if the pleadings, the

discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party, however, "need not negate the elements of the nonmovant's case." *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not

assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-13). The Court is not required, however, to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413); *accord, Little*, 37 F.3d at 1075.

A party may object when "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). The summary judgment evidence is not required to be in a format that would be admissible at trial, but the party offering the summary judgment evidence must be able to prove the underlying facts at trial with admissible evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000). "In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form." *Tullous v. Tex. Aquaculture Processing Co.*, 579 F. Supp. 2d 811, 817 (S.D. Tex. 2008) (citing *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987)).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (internal citations and quotations omitted); *Williams v. Valenti*, 432 F. App'x 298, 302 (5th Cir. 2011).

## III. ANALYSIS

### A. Objections to Defendant's Evidence

Plaintiff objects to deposition testimony at page 169 of the transcript of the deposition of Cathi Brock as conclusory, and to Defendant's Exhibits 22-25 as inadmissible hearsay. The Court does not rely on Brock's testimony at page 169.

Defendant's Exhibits 22-25 are statements by Defendant's employees in connection with an investigation of a complaint of sexual harassment against Plaintiff. These exhibits are not hearsay, either because they are based on personal perceptions or knowledge, or because they are offered not for the truth of the matter asserted. They are, instead, offered as evidence of what was reported to Defendant's investigator and the information Defendant relied upon when considering Plaintiff's termination, which is the relevant inquiry. *See Broughton v. Livingston Indep. Sch.*

*Dist.*, 2010 WL 4453763, *4 (E.D. Tex. Nov. 3, 2010) (citing FED. R. EVID. 801(c);

*Brauninger v. Motes*, 260 F. App'x 634, 636-37 (5th Cir. 2007)).

Additionally, the challenged exhibits could be admissible at trial as business

records under Rule 803(6) of the Federal Rules of Evidence with proper

authentication.  The Fifth Circuit has held that "witness statements contained in the

notes of a defendant's [employee] regarding his investigation of sexual harassment

complaints fell 'within the business records exception to the hearsay rule.'"  *La Day*

*v. Catalyst Tech., Inc.*, 302 F.3d 474, 481 n.7 (5th Cir. 2002); *Hatcher v. Bement*,

2016 WL 1156469, *1 (N.D. Tex. Mar. 24, 2016), *aff'd*, 676 F. App'x 238 (5th Cir.

2017).

As a result, the Court overrules Plaintiff's objections to Defendant's exhibits.

**B.      *Prima Facie* Case of Pregnancy Discrimination**

The Pregnancy Discrimination Act ("PDA") makes Title VII's prohibition

against sex discrimination applicable to discrimination "because of or on the basis of

pregnancy, childbirth, or related medical conditions."  42 U.S.C. § 2000e(k).  The

PDA "requires employers to treat women affected by such conditions 'the same for

all employment-related purposes . . . as other persons not so affected but similar in

their ability or inability to work.'"  *Santos v. Wincor Nixdorf, Inc.*, __ F. App'x __,

2019 WL 3720441, *2 (5th Cir. Aug. 7, 2019) (quoting 42 U.S.C. § 2000e(k)).  A

discrimination claim under the PDA is analyzed in the same manner as other Title VII

discrimination claims.  *See Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959,

966 (5th Cir. 2016).   A plaintiff can prove pregnancy discrimination by either

(1) direct evidence of discrimination, or (2) the burden-shifting framework set forth

in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Young v. United*

*Parcel Serv., Inc.*, __ U.S. __, 135 S. Ct. 1338, 1345 (2015).[2]  Plaintiff in this case

argues both direct evidence and circumstantial evidence of pregnancy discrimination.

### C.    Direct Evidence

"Direct evidence is evidence which, if believed, proves [disparate treatment]

without inference or presumption."  *Fairchild*, 815 F.3d at 966 (brackets in original)

(quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005)).

Direct evidence includes any statement which shows "*on its face* that an improper

criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse

employment action."  *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 (5th Cir.

---

[2]     In addition to the federal PDA claim, Plaintiff asserts a state law claim for pregnancy
discrimination under Chapter 21 of the Texas Labor Code.   The *prima facie*
requirements for the Chapter 21 claim are the same as for the PDA claim.  *See*
*Heinsohn v. Caraben & Shaw, P.C.*, 832 F.3d 224, 235 (5th Cir. 2016); *Standifer-*
*Henderson v. Viamedia, Inc.*, 2014 WL 229341, *4 (E.D. Tex. Jan. 21, 2014) (citing
*Willis v. Coca-Cola Enters., Inc.*, 445 F.3d 413, 420-21 (5th Cir. 2006)); *Mascorro*
*v. Am. Funds Serv. Co.*, 2006 WL 3751150, *1 (W.D. Tex. Nov. 20, 2006); *see also*
*Jespersen v. Sweetwater Ranch Apartments*, 390 S.W.3d 644, 654 (Tex. App. – Dallas
2012, no pet.).  Therefore, the Court's analysis and ruling on the PDA claim apply
equally to the Chapter 21 claim.

2003) (emphasis added). To constitute direct evidence of discrimination, the statement must show, "without inference or presumption," that the plaintiff's pregnancy was a basis for the adverse employment action she suffered. *See Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 476 (5th Cir. 2015) (quoting *Jones*, 427 F.3d at 993). A statement may constitute direct evidence if it is: (1) pregnancy related; (2) close in time to the adverse employment action; (3) made by someone with authority over the adverse employment action; and (4) related to the adverse employment action. *See Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 608 (5th Cir. 2007) (statement by the plaintiff's branch manager – that she "knew it was illegal to terminate" the plaintiff because she was pregnant, but she "had a business to run and could not handle having a pregnant woman in the office" – was direct evidence of pregnancy discrimination).

Plaintiff has presented evidence that Brock stated in an email on June 6, 2017, that Plaintiff was "a cancer on the sales department" and that Brock knew Plaintiff was pregnant, but "that cannot affect her performance in the coming months." *See* Brock Email, Exh. 11 to Response. Plaintiff has also presented evidence that Brock stated that Plaintiff would try to use her pregnancy "as an excuse" for deficient performance and was on "a very short leash." *See id.* Plaintiff has presented evidence that Strong informed Brock in a June 9, 2017 email that Plaintiff's performance

improved after Brock's June 5, 2017 meeting with Plaintiff. *See* June 9 Strong Email, Exh. 12 to Response. Brock responded, "Let me know if that drops off at all." June 9 Brock Email, Exh. 13 to Response.

The statements cited by Plaintiff do not show clearly *on their face* that Criterion discriminated against Plaintiff because of her pregnancy. Although a juror might infer from Brock's statements that she wanted to terminate Plaintiff's employment because she was pregnant, the juror could equally infer from Brock's statements in the June 6 email that Criterion was trying to monitor and see to it that Plaintiff's performance improved. The Court notes that the "cancer on the sales department" comment is immediately followed by: "However, she [Strong] is willing to give her [Plaintiff] a chance to redefine herself." *See* June 6 Brock Email. When referencing Plaintiff's pregnancy, Brock stated that Plaintiff was "due in December so she should be able to perform well through the summer." *Id.* There are no statements cited by Plaintiff that refer to terminating Plaintiff's employment. The cited comments by Brock do not show, ***without inference or presumption***, that Plaintiff's pregnancy was a basis for the termination of her employment at Criterion. As a result, Plaintiff has failed to present direct evidence of pregnancy discrimination.

## D. Circumstancial Evidence

Absent direct proof of pregnancy discrimination, a plaintiff may rely on the *McDonnell Douglas* burden-shifting framework. The plaintiff must first establish a *prima facie* case of discrimination. *See Roberson-King v. La. Workforce Comm'n, Office of Workforce Dev.*, 904 F.3d 377, 381 (5th Cir. 2018). This requires the plaintiff to show that she "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Id.*; *Santos*, 2019 WL 3720441 at *2.

It is undisputed that Plaintiff was a member of a protected group of pregnant employees, that she was qualified to perform the job responsibilities of her position with Criterion, and that she suffered an adverse employment action when she was discharged.

Plaintiff has not presented evidence that she was replaced by someone outside her protected category. Indeed, it is undisputed that "eight or nine months" after

Plaintiff was discharged, she was replaced by someone who Criterion knew was pregnant when it hired her.[3] *See* Brock Depo., Exh. 3 to Response, p. 119.

Plaintiff has similarly failed to present evidence that she was treated less favorably than other similarly situated employees outside the protected group. A comparator employee and the plaintiff are "similarly situated" if they (1) have the same job or responsibilities, (2) are supervised by, or have their employment status determined by, the same person, and (3) "have essentially comparable violation histories." *See Harville v. City of Houston, Miss.*, 935 F.3d 404, 410 (5th Cir. 2019). Importantly, "the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009); *see also Wallace v. Seton Family of Hosps.*, 777 F. App'x 83, 88 (5th Cir. June 13, 2019). If the different employment decisions can be explained by the difference between the plaintiff's conduct and that of the alleged comparator, the

---

[3] Plaintiff argues that Criterion hired a pregnant applicant to replace her simply to thwart her discrimination lawsuit. In support of this argument, Plaintiff cites to a May 8, 2018 email from Brock, many months after Plaintiff was fired and after she filed this lawsuit. In that email, Brock notes "as an FYI" that Criterion knowingly hired a pregnant replacement for Levins, which "certainly won't help [Plaintiff's] case." *See* May 8, 2018 Brock Email, Exh. 17 to Response. This statement, recognizing the impact of having hired a pregnant replacement, is not evidence of Criterion's intent months earlier when terminating Plaintiff's employment or when hiring her replacement.

employees are not similarly situated for the purposes of the employment

discrimination *prima facie* case analysis. *See Lee*, 574 F.3d at 260.

Plaintiff identifies Strong as a comparator, arguing that Strong "admitted to

throwing papers, raising her voice, and throwing Levins' cell phone across the room."

*See* Response, pp. 16-17. Plaintiff notes that Strong, who was not pregnant at the

time, was not fired. *See id*. at 17.

Strong and Plaintiff did not have the same job at Criterion. Indeed, Strong was

the Houston Branch Manager, a position superior to Plaintiff's. Strong and Plaintiff

were not directly supervised by the same person, yet it appears that Brock had ultimate

employment authority over both employees. Dispositive in this case, however, is that

Plaintiff's alleged conduct that resulted in her being placed on paid leave and was a

basis for the termination of her employment was not "nearly identical" to that engaged

in by Strong at the June 2017 meeting. Strong raised her voice during that single

meeting, and threw papers and Plaintiff's phone. Plaintiff was accused of repeatedly

making sexually suggestive comments to a subordinate that were inappropriate and

made him uncomfortable. Although Plaintiff denies making the statements, Vasquez

reported them and gave a written statement describing them. The severity of the

conduct described by Vasquez easily explains the difference between the decision to

terminate Plaintiff's employment and the decision not to fire Strong. Plaintiff and Strong were not similarly situated.

For the foregoing reasons, Plaintiff has failed to establish a *prima facie* case of pregnancy discrimination under either the PDA or Chapter 21.

The Court notes that other circumstantial evidence in the record undermines a *prima facie* case of pregnancy discrimination. For example, the uncontroverted evidence demonstrates that at least nine other Criterion employees were pregnant during their employment, took maternity leave, and returned to their jobs with Criterion without incident. Indeed, Plaintiff was previously pregnant while employed by Criterion, took maternity leave, and returned to work without incident.

Plaintiff has failed to present evidence that raises a *prima facie* case of pregnancy discrimination under the PDA or under Chapter 21 of the Texas Labor Code. Criterion is entitled to summary judgment on Plaintiff's pregnancy discrimination claims.[4]

---

[4]    In a footnote in its Motion, Criterion seeks an award of attorneys' fees. *See* Motion, p. 25 n.1. It appears that the footnote, which relates to a disability discrimination claim, was inadvertently included in the Motion. Any request by Criterion for attorneys' fees is denied.

## IV.    CONCLUSION AND ORDER

Plaintiff has failed to present direct evidence that Criterion terminated her employment because she was pregnant.  Additionally, Plaintiff has failed to present evidence that establishes a *prima facie* case of pregnancy discrimination.  As a result, it is hereby

**ORDERED** that Criterion's Motion for Summary Judgment [Doc. # 27] is **GRANTED**.  The Court's prior Final Judgment [Doc. # 36] remains in full force and effect.

SIGNED at Houston, Texas, this **10th** day of **December, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE